## Plymouth Township Auditors' Report.

*Public officers—Auditors—Appeal from auditors—Issue—Township commissioners—Township treasurer.*

Where on a petition for a rule on the township commissioners and township treasurer to show cause why the report of an audit should not be reformed in accordance with averments contained therein, it appears that the answer of the commissioners and treasurer substantially agree on the facts, the court will not direct an issue.  There is nothing in the Act of May 3, 1909, P. L. 392, which makes it obligatory on the court to direct an issue in such a case.

Township commissioners are not entitled to be paid for their services for the inspection of a road built by the State through the township or for services in the inspection and examination of the streets, bridges, etc.  If orders for such services are directed to the township treasurer he is bound to take notice of their invalidity, and if he pays them, he does so at his peril.

Argued March 7, 1916.  Appeal, No. 46, March T., 1916, by Edward Delaney, Treasurer, from order of C. P. Luzerne Co., June Term, 1911, No. 262, surcharging him with certain amounts in the Matter of Appeal from Report of Auditors of Plymouth Township.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Appeal by Mason Cragle, a taxpayer from report of township auditors.

The petition averred that the report was erroneous in the following particulars, viz:

(c)  Said commissioners and treasurer are given credit in said audit for various sums paid out to the said commissioners for services performed for said township during their terms of office as commissioners, for which there is no warrant in law, all of which said commissioners and treasurer well knew, the sums so paid out amounting to about $800.00.  Said credits appear in said report of

audit under the head "Orders issued on general fund during year 1910-1911, and redeemed by Treasurer Delaney," and also under the head "Outstanding orders redeemed issued after incorporation of Larksville Borough, or from November, 1909, to March 7, 1911."

(d) Said commissioners and treasurer are given credit in said audit for various sums amounting to $260.00 paid out to William McGeer, one of said commissioners, for services as inspector of the road built by the State through said township under the Act of May 1, 1905, P. L. 318, for which there is no warrant in law, all of which was well known to said commissioners and treasurer. Said credits appear in said report under the head "Orders issued on general fund during year 1910-1911, and redeemed by Treasurer Delaney."

The answer of the treasurer and commissioners substantially admitted the facts and prayed for an issue.

The court refused an issue, and entered a decree against the commissioners and treasurer in accordance with the prayers of the petition.

*Error assigned* was the order of the court.

*M. J. Mulhall,* for appellant, cited: Niles v. Muzzy, 33 Mich. 61; Jenkins Twp. Poor Directors, 1 Kulp 111; Martel v. East St. Louis, 94 Ill. 67; Merkel v. Berks County, 81* Pa. 505; Bechtel v. Fry, 217 Pa. 591; Wolf v. Auditors, 16 Pa. C. C. R. 235.

*John D. Farnham,* for appellee.—It has been decided that the framing of an issue is not mandatory: Dunmore Boro. School Dist. v. Wahlers, 28 Pa. Superior Ct. 35; Dunmore School Dist's. App., 5 Lack. Jur. 138, 206; Devlin's Case (No. 1), 39 Pa. Superior Ct. 311.

In other Courts of Common Pleas appeals have been disposed of upon exceptions: Lewis v. Flanagan, 1 Leg. Rec. 141; Dickson City Auditors, 2 Lack. L. N. 133.

The appellants were not entitled to payment for their

services: Com. v. Mayor of Lancaster, 5 Watts 152; Lavelle v. Scranton, 1 Law Times (N. S.) 217; Olphant Borough Treasurer's Account, 6 Lack. L. N. 206; Dickson City Auditor's App., 2 Lack. L. N. 133.

OPINION BY HENDERSON, J., May 9, 1916:

There is nothing in the Act of 1909, P. L. 392, which made it obligatory on the court to direct an issue. The language of the act is: "Whereupon the court may direct an issue to determine disputed questions of fact between the officers acting and the township." Where the evidence is fairly contradictory on material matters the court will award an issue but the record does not exhibit such "disputed questions of fact" as entitled the appellant to an issue. The petition for the rule on the township commissioners and treasurer to show cause why the report of the audit should not be reformed in accordance with the averments contained therein and the answer of the commissioners and treasurer thereto substantially agree on the facts. The matters in controversy are questions of law to be disposed of by the court. The amount of the disbursements on orders objected to is not questioned nor is there any controversy that all the orders were given to members of the board of township commissioners. Section 4 of the Act of April 28, 1899, P. L. 105, provides that "No township commissioner shall receive any salary or shall be eligible to any other township office." The amounts for which the orders were drawn represented claims of the several commissioners for services rendered by them in their official capacity. To one of them an order was given for services as inspector of a road built by the State through the township under the Act of May 1, 1905, P. L. 318, at the rate of $65.00 a month. The learned judge of the court below could find no authority for the employment of one of the commissioners as an inspector under such circumstances; nor has our attention been directed to any law supporting the respective claims of the com-

missioners for services in the inspection and examination of streets, bridges, etc., at the rate of three dollars per day. Any items of expense which may have been incurred for necessary expenses in the discharge of official duty were so mingled with the compensation for services as not .to be distinguishable. The orders paid by the treasurer exhibited on their face the fact that they were payable to the respective township commissioners and the consideration for the order appeared therein. It was held in Merkel v. Berks County, 81* Pa. 505, that a county treasurer is bound to know the extent and limit of the authority conferred upon him by the law under which he accepted his office; that orders issued appropriating money to other purposes are illegal and if the treasurer has knowledge or means of knowledge of their illegality it is his duty to refuse to pay them when they are presented. This ruling was restated in Bechtel v. Fry, 217 Pa. 591. The same principle applies to the treasurer of a township. The trial judge found that the orders paid by the treasurer contained sufficient notice of the character of the claims and that their illegality imposed on the treasurer the duty of refusing to pay the same. We are not convinced that he was in error in this conclusion and the order is affirmed.